UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT BUTTS (#376101), | ) |
| | ) |
| Plaintiff, | ) No. 3:15-cv-00277 |
| | ) Judge Trauger |
| v. | ) |
| | ) |
| HILL DETENTION CENTER, | ) |
| | ) |
| Defendant. | ) |

# **M E M O R A N D U M**

Plaintiff Robert Butts, a pre-trial detainee currently being held by the Davidson County Sheriff's Office in Nashville, Tennessee, brings this *pro se, in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983 against Metropolitan Government of Nashville and Davidson County, Tennessee, concerning events that allegedly occurred during the plaintiff's detention at the Hill Detention Center in Nashville, Tennessee. (Docket No. 1).

The plaintiff's amended complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.   PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* §

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983,

the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III.  Alleged Facts

According to the amended complaint, while held as a pre-trial detainee at the Hill Detention Center, the plaintiff's due process rights were violated on a number of occasions when, during several disciplinary hearings, the Center's disciplinary board would not permit the plaintiff to call witnesses, there was insufficient evidence of the offenses charged, the accusing officers were not present, or the full board was not present. (Docket No. 17 at pp. 1, 3-4).

The complaint further alleges that the plaintiff did not receive proper medical treatment for a fracture on May 28, 2015 (*Id.* at pp. 7-8) and was denied access to legal materials (*Id.* at p. 9).

### IV.  Analysis

The plaintiff's amended complaint names only one defendant: the Metropolitan Government of Nashville and Davidson County, Tennessee (Metro Government).

Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *Regets v. City of Plymouth*, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or

supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

The inadequacy of police training only serves as a basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *Slusher*, 540 F.3d at 457. To establish deliberate indifference, the plaintiff may show prior instances of unconstitutional conduct demonstrating that the governmental entity has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. *Id.*; *see also Gregory v. City of Louisville*, 444 F.3d 725, 752-53 (6th Cir. 2006). In the alternative, where the constitutional violation was not alleged to be part of a pattern of past misconduct, a supervisory official or a municipality may be held liable only where there is essentially a complete failure to train the police force or training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir.1982).

Here, the allegations of the amended complaint are insufficient to state a claim for municipal liability against Metro Nashville under § 1983.[1] The amended complaint does not identify or describe any of Metro Nashville's policies, procedures, practices, or customs relating to training; it does not identify any particular shortcomings in that training or how those shortcomings caused the

---

[1]Moreover, the plaintiff's claims as presented in his amended complaint would not be actionable had the plaintiff named a different defendant. For example, the plaintiff has no claim for the deprivation of due process during a prison disciplinary proceeding. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)(holding that, in general, an inmate does not have a liberty interest in a particular security classification or in freedom from segregation). Similarly, although the plaintiff alleges that he did not receive medical treatment for an injury to his finger, he was examined within 24 hours of the injury by a nurse practitioner who provided the plaintiff with a wrist brace, and the plaintiff was later examined by a physician who plans to refer the plaintiff to an orthopedic specialist. Although the plaintiff may disagree regarding the diagnosis or treatment he received, such a complaint does not rise to the level of an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *see Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)(where a prisoner has received some medical attention, but disputes the adequacy of that treatment, federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law).

alleged violations of Butts's rights; and it does not identify any other previous instances of similar violations that would have put Metro Nashville on notice of a problem. *See Okolo*, 892 F. Supp.2d at 944; *Hutchison*, 685 F. Supp.2d at 751; *Johnson*, 2010 WL 3619790, at **2-3. Accordingly, the court finds that the amended complaint does not contain sufficient allegations to state a claim for municipal liability against Metro Nashville. The plaintiff's § 1983 claims against Metro Nashville will be dismissed.

## V. CONCLUSION

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against to the sole defendant to this action. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the complaint will be dismissed.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge