```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

ROBERT BUTTS,                   )
                                )
        Plaintiff               )
                                )       No. 3:15-0277
v.                              )       Judge Trauger/Brown
                                )       **Jury Demand**
GARY BIGGS, II,                 )
                                )
        Defendant               )

**TO:    THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reason stated below, the Magistrate Judge recommends that the motion for preliminary injunction and temporary restraining order (Docket Entry 28) be denied.

### BACKGROUND

The Plaintiff, after a number of false starts, was allowed to proceed on his amended complaint against the Defendant Biggs as the sole Defendant in this case (Docket Entry 25). The present claims in this matter are that Officer Biggs retaliated against the Plaintiff's for complaining about his mistreatment by searching his cell, confiscating a medical support device (a wrist brace) and filing false charges against him. In his motion for a preliminary injunction and temporary restraining order, the Plaintiff complains about a lack of law materials and retaliation by other officers. He alleged that he had a deadline to respond to this court order and was instructed to make five copies of the United States Marshals Service's Form 285 and then mail the completed forms by certified mail.

The Magistrate Judge would note that the District Judge's order (Docket Entry 25) directed the Clerk to send the Plaintiff a copy of the U.S. Marshals Form 285 and for the Plaintiff to complete it as to Defendant Biggs. There was no requirement in this order that the Plaintiff have five copies or that he send it to the Clerk by certified mail.

Plaintiff complained that Sergeant Wright made verbal threats against him that he could be put in the SMU unit and told him that "you're are also going to get masud (sic) before the end of it." Plaintiff also claimed that he was written up and punished because of false allegations by Sergeant Wright. The complaint against Sergeant Wright involves Plaintiff's contention that he was placed in a housing unit with a bunk that had restrictions on the end which could not reasonably accommodate his 6'4" body when he was sleeping. He alleges that he was moved to another unit on August 13, where again he was provided a bed too short and that his complaints to Sergeant Wright were ignored.

Plaintiff alleges that since August 8th he has been transferred to several different housing units for no apparent reason and was moved more than five times in a span of five days. He alleges that Sergeant Wright was responsible for his moves because Sergeant Wright falsely claimed that Plaintiff had incompatibilities in the unit. He stated that he never claimed to have incompatibilities with anyone. He contended that he only complained about the inadequate bunk. He further complained that a

2

follow-up visit with the medical staff concerning his injured left hand on August 20, 2015, was not done and his wrist was not properly treated. Plaintiff requests a preliminary injunction to direct his immediately release, production of various documents, access to law library, a request for production of his medical record, and a request to add four defendants to his complaint along with a temporary restraining order against Officer Biggs, Sergeant Wright, and Correctional Officer Chandler (Docket Entry 28).

Officer Biggs has responded to the Plaintiff's motion (Docket Entry 38) and filed a declaration of Katie Stone, stating that she is the administrative counsel for the Davidson County Sheriff's Office (DCSO) and has access to jail records and has determined that the Plaintiff has not been assigned to the same area as Defendant Biggs since July 8, 2015, or housed in the area where Defendant was assigned since July 9, 2015. She alleges that Defendant is presently assigned to the Intake, Booking and Turn Key area of the Criminal Justice Center while the Plaintiff is not presently housed at the Criminal Justice Center.

Defendant Biggs has also filed a declaration (Docket Entry 40-1) in which he explains that he did examine the Plaintiff's wrist brace and removed metal flanges of an 8" to 12" length because it could be used as a weapon and he could not find an order for the wrist brace in the jail records. The brace, absent the flanges, was returned to the Plaintiff. He further states that the Plaintiff has had no contact with him since the evening of July

3

8, 2015, and they will not have contact because the Plaintiff is now housed at the Hill Detention Center and he is not assigned to work at the Hill Detention Center.

**LEGAL DISCUSSION**

The four factors that must be considered in determining whether to issue a TRO or a permanent injunction are well known:

1. whether the movant has a strong likelihood of success on merits;

2. whether the movant would suffer irreparable injury absent a stay;

3. whether granting the stay would cause substantial harm to others; and

4. whether the public interest would be served by granting the stay.

*Employees International Union Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

1. The sole claim in this case is against Officer Biggs. The affidavit of the General Administrator and Defendant Biggs strongly indicate that the Defendant and the Plaintiff are in separate areas at the present time. The Plaintiff has simply not shown that he has a strong likelihood of success on the merits against this Defendant.

2. The Plaintiff has not established that he would suffer irreparable injury absent this relief. The Plaintiff is no longer in the same area as the Defendant.

3. Granting the stay would require the Court to unnecessarily interfere in the administration of the jail and in

4

determining where he should be housed. Courts are not well-adapted to run jails.

4. There is no showing that the public interest would be strongly affected one way or the other by the granting of the requested relief.

The Magistrate Judge would note that in his request for extraordinary relief the Plaintiff appears to want to amend his complaint. The Plaintiff has already been allowed to amend his complaint once in order to avoid dismissal. If the Plaintiff wishes to amend his complaint he needs to file his specific request to amend in accordance with Rule 15 of the Federal Rules of Civil Procedure and to file along with his motion to amend a copy of his proposed amended complaint that is complete in itself as to all defendants. The Court does not want to have to refer to several documents to determine what the Plaintiff's complaint is.

The Magistrate Judge would note that a plaintiff is not allowed to combine unrelated violations into a single complaint. Incidences that are separate from the original complaint would need to be filed as new complaints and thus subject to separate analysis of whether they are frivolous and would constitute a strike under the Prison Litigation Reform Act. *See Ward v. Thompson*, 2015 WL 394819 (W.D. Mich. June 29, 2015).[1]

---

[1] Presently pending is a motion to dismiss by Defendant Biggs (Docket Entry 36). The Magistrate Judge will prepare a separate report and recommendation on this motion.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion for preliminary injunction (Docket Entry 28) be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 1st day of December, 2015.

                              /s/ Joe B. Brown
                              JOE B. BROWN
                              United States Magistrate Judge