```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

ROBERT BUTTS,                  )
                               )
        Plaintiff     )
                               )       No. 3:15-0277
v.                             )       Judge Trauger/Brown
                               )       **Jury Demand**
GARY BIGGS, II,                )
                               )
        Defendant     )

**TO:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION WITH COSTS

For the reason stated below, the Magistrate Judge recommends that the Defendant's motion to dismiss (Docket Entry 36) be granted and this case be dismissed without prejudice for failure to exhaust administrative remedies.

### BACKGROUND

This case has been somewhat convoluted since the original complaint was filed in March 2015 (Docket Entry 1). The original complaint involved a claim that the Plaintiff had received disciplinary action for following his spiritual order in communing with God in erect form (i.e. by standing in is cell praying). He alleges he was sent to the hole for 10 days without a disciplinary hearing. Officer Rumsey wanted him to stop praying and get in his bunk. She then called Officer Goodale and Plaintiff was handcuffed and taken to the hole. He alleges the following Monday he complained to Chaplin Helms. He was taken before a disciplinary board over his refusal to obey orders and Chaplin Helms, who should have assisted him was not present. He states that the disciplinary

board refused to explain the procedure to him and sent him to the hole for 10 days. He also complained that in March 2015 he received a partial serving of meat and that when he complained to the correctional officers they ignored his complaint. He waited until the completion of the meal without getting a full portion. At that time he was ordered by Lieutenant Lovell and two other correctional officers to either eat the food on the tray or go to his cell. They did not inspect the tray. He elected to go back to his cell. He was written up because of this incident and again sent to the disciplinary board. He states that Ms. Hindley again did not call witnesses or question him and that he was again sent to the hole without a fair hearing.

Subsequent to the initial documents, the Plaintiff sent the Court a letter on May 8, 2015, complaining that the jail officials had refused to assist him in preparing his documents so he could proceed *in forma pauperis*. He also complained that his grievances were not being responded to (Docket Entry 9). He provided some additional details concerning his original complaint and stated that he did not have access to adequate legal materials.

On May 21, 2015, the Court directed the Clerk to send the Plaintiff a form to file a 1983 civil rights action and directed the Plaintiff to return it to the Court within 30 days. He was advised that a properly completed complaint would enable the Court to conduct the screening required by the Prison Litigation Reform

Act. (Docket Entry 12). On July 7, 2015, the Plaintiff returned two documents entitle "amended complaint" (Docket Entries 17 and 18).

Docket Entry 17 appears to be primarily a typed version of his original complaint in the matter with an additional allegation that on May 14, 2015, he was placed in a 24-hour lock down because his cell mate had left water running while everyone else was asleep. Rather than punishing the inmate who left the water running, Lieutenant Walker decided to punish the entire cell. He also alleged that on June 1, 2015, he was given 30 days' lockdown by the disciplinary hearing board that only had one member, rather than the required three members. He further alleged he injured his left hand on May 28, 2015, and was not given proper medical treatment for a fracture of the hand.

The amended complaint contained in Docket Entry 18 was on the normal form for a 1983 complaint. It actually appears to be more in the form of a motion to consider his amended complaint (Docket Entry 17).

On initial review of these documents, the Court granted the Plaintiff's motion to proceed *in forma pauperis*, and in accordance with the Prison Litigation Reform Act the Court dismissed his action in its entirety (Docket Entry 21). The Plaintiff then filed an additional pleading with the Court on July 24, 2015 (Docket Entry 23), calling the Court's attention to an additional complaint of retaliation and requesting injunctive relief. In this pleading he alleged that on July 8, 2015, Officer

3

Biggs approached his cell and spoke harshly to him but allowed him to take a shower. He states that after returning from the shower he found that in his absence Officer Biggs searched his cell and confiscated the support rods for his wrist brace. He stated that despite telling Officer Biggs that the wrist brace was from the hospital and approved by the medical staff, Officer Biggs nevertheless single handedly searched his cell and made his wrist brace dysfunctional.[1] Plaintiff sent in the disciplinary report filed against him by Briggs and his grievance about the matter (Docket Entry 23, p. 4-9).

As a result of this filing, the District Court entered an order on August 8, 2015 (Docket Entry 25) allowing the filing to be construed as an amended complaint (Docket Entry 23). Based on this, the Court liberally construed the matter and allowed the case to proceed against Officer Biggs only, based on the theory that Officer Biggs took adverse actions against the Plaintiff by searching the cell, confiscating his metal support device, and filing a false charge against him. The Court cautioned that this was a preliminary finding only, but that Officer Biggs would be required to respond to the Plaintiff's allegations of retaliation.

Officer Biggs has now filed a motion to dismiss (Docket Entry 36) supported by a memorandum of law (Docket Entry 37). The

---

[1]Apparently Officer Biggs removed the metal stays from the wrist brace because he considered them potential weapons.

4

Plaintiff has filed a response (Docket Entry 41). There has been no reply. The matter is now ready for resolution.

The essence of the Defendant motion to dismiss is that the Plaintiff has been allowed to amend his original complaint of March 19, 2015, and at the time he filed his original complaint he had not exhausted his administrative grievances to his claims against Officer Biggs. In fact, Officer Biggs was not even mentioned in the first complaint. They ague this present case should be dismissed for failure to exhaust administrative remedies.

From a review of this rather convoluted case, it appears that Officer Biggs's motion is well-taken. The complaint against Officer Biggs (Docket Entry 23) was signed by the Plaintiff on July 20, 2015, and received by the Court on July 24, 2015. There are no factual allegations in the amended complaint that Officer Biggs was aware of the fact that the Plaintiff had filed a lawsuit or grievances against any anyone at the jail. The Plaintiff's statement in the amended complaint about Officer Biggs's conduct does not recite any statement by Officer Biggs that could reasonably be related to retaliation for any earlier lawsuit or grievance. Likewise in his grievance, which he filed the next day, he complains about the search and confiscation of the brace and the failure to provide grievance forms when first requested, but he does not mention any threat of retaliation by Biggs. At best he mentions a general fear of retaliation in his request for an injunction (Docket Entry 230.

As the Defendant points out, no service of process had been issued to anyone. The Plaintiff's statement that Officer Biggs actions were retaliation appear to be mere conclusions without factual support. As the Supreme Court has held in *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009), the complaint must contain sufficient factual matters to state a claim for relief that is plausible on its face. The Plaintiff has offered no factual basis for a claim that Officer Biggs had knowledge of any of the Plaintiff's earlier complaints. Without some allegations of actual knowledge by Officer Biggs, retaliation is not plausible.

The Defendant argues that this is an improper amendment to the original complaint, and is an unrelated charge which should have been considered separately. In support of this they cite the recent district court case of *Ward v. Thompson*, 215 WL 2948190 (W.D. Mich. June 29, 2015) (Docket Entry 37-7). Where the District Judge pointed out that the practice of joining claims which are not compatible under Rule 18 and Rule 20 of the Federal Rules of Civil Procedure would thwart the fee payments and three strikes provisions of the Prison Litigation Reform Act. Ward at *3. The alleged actions of Officer Biggs took place some four months after the original complaint was filed. Although the Plaintiff attempts to tie Officer Biggs's actions to the earlier complaint there is simply no factual basis in the records or in his complaint for such a conclusion. None of the statements made by Officer Biggs in any way appear to relate to earlier grievances the Plaintiff has filed

6

and Officer Biggs's statements, which are quoted by the Plaintiff, do not refer in any way to any earlier actions by the Plaintiff.

## ANALYSIS

It appears to the Magistrate Judge that the Plaintiff is simply attempting to add a new defendant and a new complaint without paying the required fees for a new case. At the time he filed his original case in March he had not exhausted his administrative remedies as to Officer Biggs. In fact, since Officer Biggs's actions had not even occurred at that time, he could not have.

Since it appears that the Plaintiff may well have exhausted his administrative remedies against Officer Biggs at this point, the dismissal of this case with the ability to file a new case may seem somewhat bureaucratic. Nevertheless to allow amendments to the complaint would defeat the purpose of separate fees and separate assessments for frivolity under the Prison Litigation Reform Act.

The Magistrate Judge therefore recommends that this case be dismissed for failure to exhaust administrative remedies as to Officer Biggs at the time the Plaintiff filed his original complaint in March of 2015. Alternatively, if the Court were to rule on the merits of the amended complaint, after careful review the Magistrate Judge believes that the complaint should be dismissed with prejudice inasmuch as it fails to state a cause of

7

action against Officer Biggs. As noted above, there is simply no factual allegations that Officer Biggs acted in retaliation for earlier activities and lawsuits by the Plaintiff. Even if it is true that Officer Biggs did not provide the Plaintiff a grievance form when first requested, he gave the plaintiff one late that night and the plaintiff filed a grievance the next day.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to exhaust administrative remedies.[2] Alternatively, if exhaustion is found the Magistrate Judge recommends the case be dismissed in its entirety for failure to state a cause of action under rule 12(b)6).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

---

[2]If the case is dismissed for failure to exhaust as recommended the plaintiff will have the opportunity to file a new law suit against Biggs provided he can show a proper factual basis.

8

**ENTER** this 11th day of December, 2015.

                                    <u>/s/   Joe B. Brown</u>
                                    JOE B. BROWN
                                    United States Magistrate Judge